UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE THOMPSON,<br><br>Defendant. | No. 2:19-cv-01551 MCE AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

////

1

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff purports to sue defendant Thompson pursuant to 18 U.S.C. § 241 for criminal conspiracy against rights. ECF No. 1 at 1. Plaintiff alleges that in February 2015, a Sacramento County judge made a decision regarding protective supervision hours. Id. at 2. Plaintiff alleges that IHSS (In Home Support Services) stopped checks to the provider on July 25, 2015 after visiting her apartment without an appointment or phone call. Id. Plaintiff filed documents requesting an administrative hearing, but the documents were stolen from the hearing office and plaintiff did not receive a response after 60 days. Id.

Plaintiff next alleges that checks to her care providers were stopped in May of 2015, and that has SEIU refused to provide her member assistance since 2006. Id. at 3. Plaintiff alleges that Ms. Thompson, an SEIU employee, refused to pay back union dues to plaintiff or to investigate the crime against life. Id.

B. Analysis

Plaintiff presents no cognizable claims; her lawsuit is plainly frivolous. Accordingly, the undersigned recommends her complaint be dismissed as frivolous and for failure to state a claim upon which relief can be granted. First, plaintiff's only stated cause of action is an alleged violation of a criminal statute. ECF No. 1 at 1. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). The U.S. Criminal Code does not establish any private right of action and therefore cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal

provisions provide no basis for civil liability). Accordingly, plaintiff cannot bring federal criminal claims against defendant.

Second, plaintiff's complaint does not implicate the sole defendant in any cause of action. ECF No. 1. The only reference to the defendant is that she refused to have the SEIU pay back dues and refused to investigate alleged criminal conduct. Id. at 3. These allegations do not support any discernible cause of action. The court is unaware of any civil cause of action creating liability for a civilian refusing to investigate claims of criminal activity made by another civilian. To the extent the SEIU did not pay back dues to defendant, plaintiff does not identify how or why defendant, as opposed to the SEIU, would be liable. Accordingly, the complaint entirely lacks a legal or factual basis for relief against the only defendant. A plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims; the complaint must have an arguable basis in law and fact. Neitzke, 490 U.S. at 325. Plaintiff's complaint contains no arguable basis in law or fact. Id. In light of the contents and frivolity of plaintiff's complaint, the undersigned has determined amendment is futile. Noll, 809 F.2d at 1448.

## III. CONCLUSION

For the reasons stated above, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

4

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 26, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE